UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELIZABETH-LOUISE CRAWFORD,
                    Plaintiff,

-vs-                                                    Case No.:  6:04-cv-1586-Orl-19KRS

BLUE CROSS AND BLUE SHIELD OF
FLORIDA, INC. and A. PANZINO SOUTH,
INC. d/b/a PREMIER ADULT FACTORY
OUTLET
                    Defendant.
_____

# ORDER

This case comes before the Court on the following:

1.      Defendant Blue Cross and Blue Shield of Florida, Inc.'s Motion to Dismiss Plaintiff

        Elizabeth-Louise Crawford's Complaint and Incorporated Memorandum of Law in

        Support Thereof.  (Doc. No. 6, filed on December 27, 2004).

2.      Plaintiff Elizabeth-Louise Crawford's Response and Memorandum in Opposition to

        Defendant Blue Cross and Blue Shield of Florida, Inc.'s Motion to Dismiss.  (Doc. No.

        9, filed on January 5, 2005).

## Background

The following allegations are drawn from Plaintiff Elizabeth-Louise Crawford's complaint.

(Doc. No. 1, filed on October 28, 2004).

Elizabeth-Louise Crawford was employed by A. Panzino South, Inc. d/b/a Premier Adult

Factory Outlet ("Panzino") and was a participant and beneficiary in a group health plan provided by

Blue Cross and Blue Shield of Florida, Inc. ("BCBSF").  (*Id.* at ¶ 4).  On December 18, 2003, Panzino

terminated Crawford's employment.  (*Id.* at ¶ 5).  According to 29 U.S.C. § 1161, the plan sponsor of each group health plan shall provide that each qualified beneficiary who loses coverage under the plan as a result of a qualifying event is entitled to elect, within the election period, continuation coverage under the plan.  (*Id.* at ¶ 6).  29 U.S.C. § 1161(a).  The termination of employment is a qualifying event.  (*Id.* at ¶ 7).  29 U.S.C. § 1163(2).

Since Crawford's employment ended on December 18, 2003, Panzino was required to notify the plan administrator within 30 days of the termination.  (*Id.* at ¶ 8).  The plan administrator then had the responsibility to notify Crawford within 14 days of her COBRA rights and to allow her 60 days to decide whether to elect continuation of group health plan coverage.  (*Id.*)  Panzino, however, failed to provide notice in a timely manner.  (*Id.* at ¶ 10).

While BCBSF had a duty to inform Crawford of her health care plan rights and her right of election, BCBSF was given information regarding Crawford's termination of employment but failed to give Crawford notice.  (*Id.* at ¶ 12).

As a proximate cause of the breach of duties by BCBSF and Panzino, Crawford suffered a loss of health insurance coverage and incurred medical expenses.  (*Id.* at ¶ 13).

On October 28, 2004, Plaintiff Elizabeth-Louise Crawford filed a complaint against Defendants Blue Cross and Blue Shield of Forida, Inc. and A. Panzino South, Inc.  (Doc. No. 1).  Plaintiff's suit was brought under 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(a)(3) for Defendants' alleged violations of duties under the Consolidated Omnibus Budget Reconciliation Act (COBRA).  (*Id.* at ¶ 1).

On December 27, 2004, Defendant Blue Cross and Blue Shield of Florida, Inc. filed a Motion to Dismiss Plaintiff's Complaint, arguing that all duties regarding COBRA compliance fall on Plaintiff

and her employer, Panzino.  (Doc. No. 6).  BCBSF attached unauthenticated plan documents to its Motion to Dismiss.[1]

The unauthenticated Blue Choice Small Employer Master Policy states that the Small Employer[2] is responsible for all aspects of the administration of COBRA with respect to group health coverage provided by the group plan, the Small Employer delegates to BCBSF the right to designate a COBRA administrator to perform COBRA administration responsibilities as provided in the obligations of the COBRA administration subsection, and the Small Employer delegates the COBRA administration responsibilities to the COBRA administrator designated by BCBSF.  (Doc. No. 6, Ex. A, "Blue Choice Small Employer Master Policy," p. GP-15).

The Master Policy also provides that the Small Employer retains certain COBRA administrative duties such as completing and providing all notices and enrollment forms to covered persons (including the initial notice of COBRA rights) required under COBRA, providing a copy of the enrollment form to the COBRA administrator at the same time that it is sent to the beneficiary, determining the applicable premium for qualified beneficiaries in accordance with the Small Employer Master Policy with BCBSF, and remitting premiums to BCBSF on behalf of the beneficiary unless

---

[1]  The documents attached to the Motion to Dismiss include the Blue Choice Small Employer Master Policy, the Blue Choice Certificate of Coverage, a Special Announcement Regarding Independent Clinical Laboratories, a Medication Guide, a Notice Regarding Coverage for Breast Reconstruction Surgery, a Blue Choice For Small Group Endorsements, and a Pharmacy Program Endorsement.  None of these documents have been authenticated.

[2] Small employer is the "person, sole proprietorship, self-employed individual, independent contractor, firm, corporation, partnership or association (which meets the definition of a 'small employer,' as that term is defined by Section 627.6699(3)(v), *Florida Statutes*) through which coverage and/or benefits are issued by BCBSF and through which Covered Employees and Covered Dependents become entitled to coverage and benefits for the Covered Services described herein."  (Doc. No. 6, Ex. A, "Small Employer Master Policy," p. GP-2).

BCBSF receives notice from the Small Employer that such beneficiary is no longer entitled to COBRA

coverage.  (*Id.*)  By entering into the Small Employer Master Policy, the Small Employer agrees to

indemnify and hold harmless BCBSF and the COBRA administrator from all claims, lawsuits,

settlements, judgments, costs, taxes, and expenses.  (*Id.*)

Under the terms of the Master Policy, a covered person has certain responsibilities such as

contacting the employer to determine if he or she is entitled to COBRA continuation of coverage.  (*Id.*

at GP-17).  A covered person may elect to continue his or her group health coverage if he or she

qualifies under one of the circumstances specified in COBRA and satisfies the requirements for such

coverage.  (*Id.*)  The Master Policy states that the COBRA administrator is not responsible for

notifying covered persons or any other parties entitled to notice with regard to COBRA continuation

coverage rights or for providing them with enrollment forms.  (*Id.* at GP-17).

BCBSF has certain responsibilities under the Master Policy.  First, BCBSF may designate a

COBRA administrator to perform COBRA administration responsibilities and may enter into a

contract with the administrator for that purpose.  (*Id.* at GP-15).  However, the COBRA administrator

is not an agent of BCBSF, and BCBSF is not responsible for the COBRA administrator's performance

of his or her duties.  (*Id.* at GP-16).  BCBSF is not the plan administrator, has no responsibility for

COBRA administration except for the designation of a COBRA administrator, and is not responsible

for determining whether a covered individual is eligible to receive continuing coverage.  (*Id.*)  If the

employer or covered individual fails to meet their obligations under the plan and COBRA, BCBSF is

not liable for any claims of the covered person after his or her termination of coverage.  (*Id.*)

The unauthenticated Certificate of Coverage provides that a covered person must contact the

Small Employer to determine if he or she is entitled to COBRA continuation of coverage.  (Doc. No. 6,

Ex. A, "Certificate of Coverage, p. 12-1). The Small Employer "is solely responsible for meeting all of the obligations under COBRA, including the obligation to notify all covered employees and dependents of their rights under COBRA. If the Small Employer or the [c]overed [p]erson fails to meet its obligations under COBRA and this Small Employer Master Policy, BCBSF shall not be liable for any claims incurred" by the covered individual after his or her termination of coverage. (*Id.*)

On January 5, 2005, Crawford filed a response to BCBSF's Motion to Dismiss and raised four arguments. (Doc. No. 9). First, Crawford argues that BCBSF failed to properly authenticate the plan documents with an affidavit. Second, Crawford contends that even if the plan language applies, Eleventh Circuit case law imposes duties and responsibilities on BCBSF towards Crawford. Third, Crawford argues that representatives of BCBSF stated that they had been in contact with representatives of Panzino and were informed that nothing was needed with respect to Crawford.[3] Finally, Crawford claims that BCBSF was on notice of Panzino's failure to provide proper notice under COBRA and was aware that a qualifying event had occurred. To support this claim, Crawford attached an unauthenticated letter, purportedly authored by Stanley A. Butler, and dated February 27, 2004.[4] (Doc. No. 9, Ex. B). In the letter, Butler states that Crawford chose BCBSF's temporary insurance product, and he enclosed an application for coverage. (*Id.*) Crawford also submitted an unauthenticated letter, purportedly authored by Francesca Dennis, a BCBSF Customer Service

---

[3] This representation is not contained in Crawford's complaint.

[4] This letter will not be considered by the Court in analyzing BCBSF's Motion to Dismiss. At the motion to dismiss stage, the Court must limit its consideration to the pleadings and written instruments attached as exhibits thereto unless the parties otherwise stipulate. *Fed R. Civ. P.* 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

Representative, dated August 17, 2004.[5] (Doc. No. 9, Ex. A). In the letter, Dennis writes that the letter is a response to her attorney's July 14, 2004 letter. (*Id.*) With regard to Crawford's continuation of COBRA coverage, Dennis refers Crawford to the continuing coverage section of her Blue Choice contract. (*Id.*)

This Order analyzes BCBSF's Motion to Dismiss.

## Standard of Review

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Furthermore, the Court must limit its consideration to the pleadings and written instruments attached as exhibits thereto. *Fed R. Civ. P.* 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## Analysis

Crawford's first argument is that BCBSF failed to properly authenticate the plan documents attached to its Motion to Dismiss. Crawford contends that there is no identification that the exhibits attached to BCBSF's motion were the governing documents between BCBSF and Panzino. Crawford claims that the submission of the plan documents is outside the pleadings and that BCBSF should have filed a motion for judgment on the pleadings or a motion for summary judgment.

---

[5] For the same reason noted in footnote four above, this letter will not be considered by the Court in analyzing BCBSF's Motion to Dismiss.

A plaintiff is not obligated to attach any documents to her complaint, but a defendant may introduce pertinent documents at the motion to dismiss stage. *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). Documents attached to a defendant's motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim. *Id.* A court's consideration of such documents at the motion to dismiss stage is proper provided that the contents are not in dispute. *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citing *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Harris v. Ivax Corp.* ,182 F.3d 799, 802 n.2 (11th Cir. 1999). Undisputed means that the authenticity of the document is not challenged. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (internal citations omitted).

Crawford challenges the authenticity of the plan documents. Because Defendant has not properly authenticated the plan documents, the Court will not consider these documents at the motion to dismiss stage.

BCBSF's argument in support of its Motion to Dismiss is based entirely on the unauthenticated plan documents. BCBSF claims that the plan documents place the duties of compliance on Crawford and Panzino. Because the Court cannot consider the plan documents due to the lack of authentication, the Court will not analyze BCBSF's argument and denies BCBSF's Motion to Dismiss.

## <u>Conclusion</u>

Based on the foregoing, the Court **DENIES** Defendant Blue Cross and Blue Shield of Florida, Inc.'s Motion to Dismiss Plaintiff's Complaint. (Doc. No. 6).

**DONE** and **ORDERED** in Chambers in Orlando, Florida on June __15____ 2005.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record